USCA1 Opinion

 

 March 24, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1873 ANTHONY SOLIMINE, Plaintiff, Appellant, v. FEDERAL BUREAU OF INVESTIGATION, Defendant, Appellee. ____________________ No. 94-1995 ANTHONY SOLIMINE, Plaintiff, Appellant, v. UNITED STATES FEDERAL BUREAU OF INVESTIGATIONS, CIVIL RIGHTS, DIRECTOR AGENT MORRILL, ET AL., Defendants, Appellees. ________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Anthony Solimine on brief pro se. ________________ Donald K. Stern, United States Attorney, and Gwendolyn R. Tyre, _______________ __________________ Assistant United States Attorney, on brief for appellees. ____________________ ____________________ Per Curiam. The district court correctly dismissed, as __________ frivolous, pursuant to 28 U.S.C. 1915(d), the actions underlying each of these appeals. The complaints, essentially identical, were based on "an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, _______ ________ 327 (1989). Appellant's proffered amendment, submitted after dismissal in one action and before dismissal in the second action, did not cure the defective pleading. Appellant attempts to contort his allegations into a claim of a negligently-done voluntary undertaking, not within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. 2680. It is clear, however, that what appellant alleges is not a voluntary undertaking, but a failure to undertake what appellant concedes is a duty not _______ within defendants' authority. The orders of dismissal are affirmed. _________